72 A.3d 246

IN THE MATTER OF OWEN CHAMBERS, AN ATTORNEY
AT LAW (ATTORNEY NO. 021382000).

September 10, 2013.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 12–400, concluding on the record certified to the Board pursuant to *Rule* 1:20–4(f) (default by respondent), that **OWEN CHAMBERS,** formerly of **NEW BRUNSWICK,** who was admitted to the bar of this State in 2000, and who has been suspended from the practice of law since April 9, 2012, should be suspended from the practice of law for a prospective period of six months for violating *RPC* 1.4(b) (failure to communicate with the client), *RPC* 1.15(a) (failure to safeguard client property or funds), *RPC* 1.15(b) (failure to promptly deliver funds or property to a client or third person), *RPC* 5.3(a), (b), and (c) (failure to supervise a non-lawyer employee), and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further determined that **OWEN CHAMBERS** should not be reinstated to practice until all ethics matters pending against him are concluded;

And good cause appearing;

It is ORDERED that **OWEN CHAMBERS** is suspended from the practice of law for a period of six months and until the further Order of the Court, effective immediately; and it is further

ORDERED that respondent continue to comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.